UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DINA B. GOUGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-143 |
| | ) | (VARLAN/GUYTON) |
| MICROBAC LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on the Motion to Dismiss, or in the Alternative, Motion to Transfer and/or Consolidate [Doc. 3], filed by defendant Microbac Laboratories Inc. ("Microbac"). Plaintiff, Dina B. Gouge, brought this action against Microbac, alleging breach of contract and fraudulent inducement/misrepresentation arising out of a non-compete agreement she entered into with Microbac. In the instant motion, Microbac argues that a forum selection clause in plaintiff's non-compete agreement dictates a different venue for the lawsuit, and thus, plaintiff's case should be dismissed, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, transferred to the Western District of Tennessee pursuant to 28 U.S.C. § 1406 and/or consolidated with another case pending in that district. Plaintiff has filed a response in opposition [Doc. 4]. Microbac replied to plaintiff's opposition brief by filing a new motion to dismiss, or in the alternative, motion to transfer and/or consolidate [Doc. 6], pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the

Federal Rules of Civil Procedure. Plaintiff has not made any other filings and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2.

The Court has carefully considered the motions, the response briefs, and the applicable law. For the reasons set forth herein, the Court will deny Microbac's motions to dismiss or in the alternative, motion to transfer and/or consolidate.

**I.    Background**

On November 10, 2008, plaintiff began working for Microbac, a commercial testing and analysis firm, as a sales/project manager [Doc. 4-1, pp. 4-5]. In conjunction with her hiring, plaintiff entered into a non-compete agreement with Microbac [*Id.*, p. 6; Doc. 1-1, Exhibit A]. This non-compete agreement contained a forum selection clause, which states, in relevant part:

> **8.    Jurisdiction and Venue.** The parties both expressly agree that the proper forum for any suit to enforce this Agreement shall be the Courts in the Western Grand Division of Tennessee, and each party expressly submits to the jurisdiction of such courts and expressly waives any objection to either personal jurisdiction or venue.

[Doc. 4-1, p. 6; Doc. 1-1, Exhibit A, ¶ 8].

On September 30, 2010, plaintiff left Microbac due to an alleged failure by Microbac to compensate her as originally agreed upon [Doc 1-1, ¶ 10]. Upon leaving Microbac, plaintiff formed her own small environmental consulting company, EcoSolutions, LLC [*Id.*, ¶ 11]. On November 30, 2010, plaintiff received a letter from Microbac informing her that

2

she was in violation of the non-compete agreement and that she must cease all activities in competition with Microbac or face legal action [*Id.*, ¶ 12]. Plaintiff responded to the letter, stating that her activities were not in violation of the non-compete agreement, and that even if they were, the non-compete agreement was unenforceable because Microbac either breached the contract or fraudulently induced plaintiff to sign the contract [*Id.*, ¶¶ 13, 20].

On March 18, 2010, plaintiff brought a civil action in Tennessee state court for declaratory judgment on the non-compete agreement between herself and Microbac [Doc. 1-1; Doc. 3, ¶ 2]. Microbac removed the state action to this Court, pursuant to 28 U.S.C. § 1441(a) [Doc. 1]. In the notice of removal, Microbac stated that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441, that the amount in controversy exceeds $75,00.00, and that this Court is in the district and division embracing the place where the state court action is pending, pursuant to § 1441(a) [*Id.*, ¶¶ 4-9]. Microbac averred, however, "that venue is not proper in this Court due to the forum selection clause" contained in the non-compete agreement [*Id.*, ¶ 6].

Microbac filed the instant motions to dismiss, or in the alternative, motion to transfer or consolidate [Docs. 3, 6], arguing that because there is a valid forum selection clause in the non-compete agreement which specifies that venue should be in the Western Grand Division of Tennessee, that is the forum where this action must be heard [Doc. 7, p. 2]. Plaintiff has responded, arguing that the forum selection clause in the non-compete agreement is unenforceable because, among other reasons, plaintiff was unaware of the clause, did not

3

bargain for it, and it would be unduly burdensome to require her to bring suit in the Western Grand Division of Tennessee [Doc. 4, pp. 1-2].

## II. Analysis

### A. Motion to Dismiss

Microbac contends that this Court must "dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(3), or (b)(6), because venue is improper in the Eastern District of Tennessee due to the forum selection clause in the non-compete agreement [Doc. 3, p. 1; Doc. 6]. Upon review, and for the reasons stated below, the Court finds that regardless of whether the forum selection clause in this case is deemed enforceable, Microbac's motions to dismiss this case under 12(b)(1), (b)(3), or (b)(6) will be denied because Microbac has not provided a proper mechanism for dismissal.

#### 1. Rule 12(b)(1)

Microbac argues that the case should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Upon review of the notice of removal, it is clear that the Court has subject matter jurisdiction over this case. That is, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because of the citizenship of the parties and the amount in controversy [Doc. 1-1, ¶¶ 4-9]. Moreover, the U.S. Court of Appeals for the Sixth Circuit has recognized that "forum selection clauses in contracts do not deprive courts of jurisdiction[,]" *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 948 (6th Cir. 2002), and "the issue of a forum selection clause is an independent contractual concern created by the actions of the parties . . . not linked to the inherent subject-matter jurisdiction of the court." *Godsey*

4

*v. Miller*, 9 F. App'x. 380, 383 (6th Cir. 2001); *see also Nat'l Renal Alliance, LLC v. Gaia Healthcare Sys., LLC*, No. 3:10-0972, 2010 WL 4659804, at *3 (M.D. Tenn. Nov. 9, 2010) (noting that "[w]hile the authority to dismiss a case based upon a forum selection clause has been somewhat unsettled, it appears relatively clear in the Sixth Circuit that courts have subject matter jurisdiction, even if a forum selection clause dictates that the litigation should have been filed elsewhere"). Accordingly, the forum selection clause in the non-compete agreement, regardless of whether it is found to be enforceable, does not deprive the Court of subject matter jurisdiction.

Given the foregoing, Microbac's Rule 12(b)(1) motion will be denied because, regardless of the forum selection clause, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 [Doc. 1-1, ¶¶ 4-9].

### 2. Rule 12(b)(3)

Microbac next argues that the Court should dismiss this case pursuant to Rule 12(b)(3) for lack of venue. In *Kerobo v. Southwestern Clean Fuels, Corp.*, the Sixth Circuit noted that whether a forum selection clause should be enforced is a matter of contract interpretation rather than of venue. 285 F.3d 531, 535-36 (6th Cir. 2002). The Sixth Circuit went on to "recognize that the circuits are not in agreement about whether a claim that an action is filed in a forum other than that designated in a contract's forum selection clause may be raised in a Rule 12(b)(3) motion." *Id.* at 534-35. After considering the positions of the other circuits, the Sixth Circuit found that "in the case of an action removed from state court to federal court," Rule 12(b)(3) is not the proper rule by which to bring such a claim. *Id.* at 535; *see*

5

*also Wong v. PartyGaming Ltd.*, 589 F.3d 821, 829 (6th Cir. 2009) ("[A] forum selection clause should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue.").

Accordingly, because venue in this Court is proper under 28 U.S.C. § 1441(a) [Doc. 1, ¶ 9], and in light of the Sixth Circuit's statement that a Rule 12(b)(3) is not the proper rule by which to raise an argument based on a forum selection clause, the Court will deny Microbac's motion to dismiss pursuant to Rule 12(b)(3). *See Wong*, 589 F.3d at 830; *see also Arcelormittal Tubular, Prods. Shelby, Inc. v. Uranie Int'l, S.A.*, No. 1:09- CV 1821, 2011 WL 1230271, at * 3 (N.D. Ohio Mar. 30, 2011) ("The Sixth Circuit has expressly rejected use of [a Rule 12(b)(3)] motion where, as here, a defendant removed an action from state to federal court under 28 U.S.C. § 1441(a).") (citing *Kerobo*, 285 F.3d at 534-35).

### 3. Rule 12(b)(6)

Microbac also argues that this case should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In *Lawson Steel, Inc. v. All State Diversified Prods.*, the district court was presented with a similar issue, whether a case removed to federal court on the basis of diversity jurisdiction and 28 U.S.C.§ 1441(a) could be dismissed pursuant to Rule 12(b)(6) on the basis of a forum selection clause. No. 1:10-cv-1750, 2010 WL 5147905, at *1 (N.D. Ohio Nov. 23, 2010). After a thorough review of the Sixth Circuit law considering this issue, along with the law of other circuits, the *Lawson* court found that the principles and procedural consequences underlying a Rule 12(b)(6) motion did not support a dismissal of the case pursuant to Rule 12(b)(6) and based on venue.

*Id.* at *1-*4. The *Lawson* court reasoned that the standard of review the U.S. Supreme Court has set forth for resolving motions to dismiss based on forum selection clauses does not require the court to accept the pleadings as true. *Id.* at *5. The standard of review for a Rule 12(b)(6) motion, on the other hand, requires the court to accept the pleadings as true. *Id.* (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (citation omitted)). The *Lawson* court also noted that a Rule 12(b)(6) dismissal operates as a judgment on the merits. *Id.* (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). "Challenges to venue, however, generally do not cause prejudice to the merits of the non-moving party's claims because the case is merely moved to and adjudicated in a new location." *Id.* Finally, the *Lawson* court reasoned that:

> [T]he ability to challenge venue under Rule 12(b)(6) runs the risk of allowing defendants to "test the waters" of the present forum before invoking their rights under the forum-selection clause because a Rule 12(b)(6) motion may be filed at any time before an adjudication on the merits.

*Id.* (citing Fed. R. Civ. P. 12(h)(2); *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 549 (4th Cir. Md. 2006)). The *Lawson* court concluded that "[t]his effect would tax judicial economy and undermine the efficiency and convenience gained from the enforcement of forum selection agreements." *Id.* (citing *Sucamopo*, 471 F.3d at 548-49).

7

The Court finds the analysis of the *Lawson* court persuasive and declines to enforce the forum selection clause in this case by way of a Rule 12(b)(6) motion. Accordingly, Microbac's motion to dismiss pursuant to Rule 12(b)(6) will also be denied.[1]

**B.     Motion to Transfer and/or Consolidate**

**1.     28 U.S.C. § 1406**

Microbac argues that because venue in this Court is improper, this case should be transferred, pursuant to 28 U.S.C. § 1406, to the Western District of Tennessee and consolidated with *Microbac Labs., Inc. V. Dina B. Gouge*, Civil Action No. 2:11-cv-2288, which is currently pending in that district. This argument fails for similar reasons that Microbac's argument to dismiss this case pursuant to Rule 12(b)(3) fails, because venue is proper in this Court [Doc. 1-1, ¶ 9].

Transfer of a case pursuant to § 1406(a) is only appropriate if the district in which the action is brought is an improper venue. 28 U.S.C. § 1406. *See Jeffrey Min. Prods. v. Left Fork Mining Co.*, 992 F. Supp. 937 (N.D. Ohio 1997) (noting that "[a] defendant who removes an action from state to federal court cannot then turn around and request a venue transfer pursuant to § 1406(a), the applicable statute where venue in the transferring court is improper, because . . . [the defendant] implicitly sanctioned venue in the federal district

---

[1]The Court notes that in *Sec. Watch, Inc. v. Sentinel Sys.*, 176 F.3d 369 (6th Cir. 1999), the Sixth Circuit affirmed the district court's dismissal of an action, pursuant to the defendant's Rule 12(b) motion to dismiss, on the basis of a forum-selection clause. *Id.* at 374-75. However, the specific subsection under which the Rule 12(b) motion was brought was never specified and because the Court has found considerable case law from the Sixth Circuit regarding each subsection under which Microbac has sought dismissal, *see supra*, the Court does not find *Sec. Watch* to require another result.

8

where he sought to move the state lawsuit"). Accordingly, the Court will deny Microbac's motion to transfer this case pursuant to § 1406.

### 2. 28 U.S.C. § 1404

The appropriate procedural mechanism for the transfer of a case between different districts in the federal court system is 28 U.S.C. § 1404. *See Ohio Learning Ctrs.*, No. 1:10-CV-1062, 2010 WL 2803042, at *4 (N.D. Ohio July 14, 2010) (finding that § 1404(a) provides the appropriate vehicle for considering a forum selection clause in a case removed to federal court from state court based on diversity). However, in Microbac's memorandum in support of its motion to dismiss, or in the alternative, motion to transfer and/or consolidate, Microbac explicitly states that "[s]pecifically, [Microbac] did not bring a motion to transfer under § 1404(a)[.]" [Doc. 7, p. 6]. Accordingly, because of Microbac's clear intention not to transfer this case pursuant to § 1404(a), the Court declines to decide whether transfer is warranted in the instant case under a § 1404(a) analysis.

## III. Conclusion

For the reasons given above, Microbac's motions to dismiss, or in the alternative transfer and/or consolidate [Docs. 3, 6] are hereby **DENIED**.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE